### AMOS ROYCE vs. WILLIAM MOTT.

Where plaintiff's attorney received defendant's special pleas, which were not verified, on the day that he entered default, and returned them because not served in time, *held* irregular : they were not returned, because they were defective.

*Motion by Defendant to set aside default and subsequent proceedings for irregularity.*—Declaration in covenant, served on defendant 28th September, 1844. On the 18th October, defendant's attorney mailed pleas and notice of retainer to plaintiff's attorney and paid postage. On the 19th October they were received by plaintiff's attorney. On the 21st October plaintiff's attorney returned said pleas to defendant's attorney, by [51 mail : on said pleas were endorsed " Received per post, October 19, '44." In the letter, plaintiff's attorney wrote as follows : " Your plea (enclosed) came after default entered, and hence same is returned you." It appears on the part of the plaintiff, that default was entered on the 19th October, 1844; that plaintiff's attorney received, on the 19th October past 12 o'clock at noon, by mail, from defendant's attorney, plea of non est factum, and special pleas and notice of retainer in the cause; that none of the pleas were verified by affidavit. On the 21st October, the pleas were returned as before stated. On the 25th October, plaintiff executed writ of inquiry; and on the 30th October, perfected judgment : on request of defendant's attorney, refused to waive default.

A. TABER, *Defts Counsel.*                    C. G. DAY, *Defts Atty.*
R. J. HILTON, *Plffs Counsel.*                    E. QUIN, *Plffs Atty.*

*Per Curiam.*— The pleas were not returned because they were not verified, but because they were not served in time. That was a mistake, and the plaintiff is irregular.

*Decision.*—Ordered that the default and subsequent proceedings on the part of plaintiff be set aside for irregularity, with $10 costs, to be paid by the plaintiff; and that the defendant have twenty days to plead.